## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 21-cv-10013-GAYLES

KEVIN TAYLOR JONES,

        Plaintiff,

v.

MARK DAVID WILSON,

        Defendant,

_____/

### ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, Kevin Taylor Jones, appearing *pro se*, filed this action on January 27, 2021. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

According to the allegations in the Complaint, Plaintiff is in custody awaiting trial in a criminal case pending before Defendant, Judge Mark Wilson ("Judge Wilson"), in the Sixteenth Judicial Circuit in and for Monroe County, Florida (the "State Court Case"). [ECF No. 1]. Plaintiff alleges that Judge Wilson is attempting to ruin him because Plaintiff rebuked Judge Wilson's "sexual request" during an unrelated encounter in 2014. *Id.* Plaintiff asserts that Defendant has misused his authority by issuing a warrant for Plaintiff's arrest, denying Plaintiff's motions, revoking Plaintiff's bond, and refusing to recuse from the State Court Case. *Id.*

Even under the applicable relaxed pleading standards for *pro se* litigants, the Complaint must be dismissed as frivolous. First, Plaintiff's claims against Judge Wilson fail as a matter of law because Judge Wilson is entitled to judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). As the Eleventh Circuit recently explained, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020) (citations and internal quotation marks omitted). This immunity shields judges from suit in § 1983 proceedings even when they are alleged to have committed acts "maliciously or corruptly" or "in excess of their jurisdiction[.]" *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir.

1985) (citation omitted). Plaintiff fails to allege that Judge Wilson acted in the absence of jurisdiction; therefore, his claims against Judge Wilson fail as a matter of law.

Additionally, even if Judge Wilson did not have immunity, Plaintiff's claims are barred by the *Younger* abstention doctrine. The "doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights." *Turner v. Broward Sheriff's Office*, 542 F. App'x. 764, 766 (11th Cir. 2013) (citing *Hughes v. Att'y Gen. of Fla.,* 377 F.3d 1258, 1263 n. 7 (11th Cir.2004)). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x. 231, 232 (11th Cir. 2009). Here, Plaintiff challenges the rulings in the State Court Case but has not alleged a basis to disregard the policy of abstention.

Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of January, 2021.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE